FILED
CLERK, U.S. DISTRICT COURT
2/23/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: CD DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

AMIR HOSSEIN GOLSHAN,

Defendant.

CR 2:23-cr-00085-ODW

I N D I C T M E N T

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii): Unauthorized Access to a Protected Computer to Obtain Information; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1030(a)(4), (c)(3)(A): Accessing a Computer to Defraud and Obtain Value; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1030(a)(7)(C), (c)(3)(A): Threatening to Damage a Protected Computer; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030, and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii)]

On or about December 26, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMIR HOSSEIN GOLSHAN intentionally accessed without authorization a computer, namely, a server of Meta Platforms, Inc., and thereby obtained information, namely, the contents of an Instagram account belonging to Victim L.K., from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), for the purpose of private financial gain and in furtherance of a criminal act, to wit, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

COUNTS TWO AND THREE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS AND DEFINITIONS

1. Defendant AMIR HOSSEIN GOLSHAN ("GOLSHAN") was a resident of the Central District of California.

2. Meta Platforms, Inc. ("Meta"), located in Menlo Park, California, operated computers and servers used by subscribers of Facebook and Instagram all over the world affecting interstate and foreign commerce and communications. At all times relevant to this Indictment, Meta did not maintain servers in California or New York.

3. A Subscriber Identity Module ("SIM") card is a chip located inside a cell phone that stores information identifying and authenticating a cell phone subscriber. When a cell phone carrier reassigns a phone number from one physical phone to another -- such as when a customer purchases a new phone but wants to retain the same number -- the carrier switches the assignment of the cell phone number from the SIM card in the old phone to the SIM card in the new phone, a process sometimes called "porting" a number.

4. "SIM swapping" refers to the process of fraudulently inducing a carrier to reassign a cell phone number from the legitimate subscriber or user's SIM card to a SIM card controlled by another without the legitimate subscriber or user's authorization.

5. A verified badge is a check that appears next to an Instagram account, and indicates that Instagram has confirmed that the account is the authentic presence of the public figure, celebrity or brand it represents.

B. THE SCHEME TO DEFRAUD

7. Beginning on an unknown date, but no later than April 1, 2019, and continuing through February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant GOLSHAN, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The fraudulent scheme operated, in substance, in the following manner:

a. Defendant GOLSHAN would, in some instances, falsely represent on Instagram that that he could provide verified badges for Instagram accounts for a fee. Defendant GOLSHAN would then charge victims several hundred dollars each for verified badges, knowing that he could not provide the verified badges he purported to sell.

b. Defendant GOLSHAN would at other times cause the victim's cell phone number to be SIM swapped by using false information and representations to convince the carrier's employee to port the number from the victim's cell phone to a cell phone controlled by defendant GOLSHAN.

c. Defendant GOLSHAN would then cause password-reset information and codes for the victim's social media accounts to be sent to a device controlled by defendant GOLSHAN.

d. Defendant GOLSHAN would then log into the victim's social media accounts, impersonate the victim to the victim's online friends, and request that the victim's online friends send him money.

C. USE OF THE WIRES

9. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant GOLSHAN, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| TWO | January 2, 2022 | An Instagram direct message from victim A.F.'s Instagram account sent by defendant GOLSHAN, while he was in California, to victim J.T., while she was in New York, directing victim J.T. to send money to defendant GOLSHAN's email address |
| THREE | March 21, 2022 | A Zelle payment initiated from victim L.M., while she was in Georgia, to defendant GOLSHAN, while he was in California |

COUNT FOUR

[18 U.S.C. § 1030(a)(4), (c)(3)(A)]

On or about January 2, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMIR HOSSEIN GOLSHAN ("GOLSHAN"), knowingly and with the intent to defraud, accessed a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2), namely, a server of Meta Platforms, Inc., without authorization, and by means of such conduct, furthered defendant GOLSHAN's intended fraud and obtained a thing of value, namely, $800.

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

On or about January 2, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMIR HOSSEIN GOLSHAN ("GOLSHAN") knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant GOLSHAN knew belonged to another person, during and in relation to the offense of Accessing a Computer to Defraud and Obtain Value, a felony violation of Title 18, United States Code, Section 1030(a)(4), (c)(3)(A), as charged in Count Four of this Indictment.

COUNT SIX

[18 U.S.C. § 1030(a)(7)(C), (c)(3)(A)]

On or about April 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMIR HOSSEIN GOLSHAN, with the intent to extort from any person any money or other thing of value, transmitted in interstate and foreign commerce a communication containing a demand and request for money and other thing of value in relation to damage to a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), namely, a server of Meta Platforms, Inc., where such damage was caused to facilitate the extortion.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two and Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

b. Any personal property used or intended to be used to commit the offense; and

c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs a and b.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982(a)(2)(B), 1030]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030 and Title 28, United States Code, Section 2461(c) in the event of defendant's conviction of the offenses set forth in any of Counts One, Four, and Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

b. Any personal property used or intended to be used to commit the offense; and

c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs a and b.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & Intellectual Property Crimes Section

KHALDOUN SHOBAKI
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual Property Crimes Section

ANDREW M. ROACH
Assistant United States Attorneys
Cyber & Intellectual Property Crimes Section