1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   JONATHAN GALATZAN
4  Assistant United States Attorney
   Chief, Asset Forfeiture and Recovery Section
5  ANDREW M. ROACH
   Assistant United States Attorney
6  Cyber & Intellectual Property Crimes Section
   TARA B. VAVERE (Cal. Bar No. 279470)
7  Assistant United States Attorney
   Asset Forfeiture and Recovery Section
8       1400 United States Courthouse
        312 North Spring Street
9       Los Angeles, California 90012
        Telephone: (213) 894-5901
10      Facsimile: (213) 894-0142
        E-mail:   Tara.Vavere@usdoj.gov
11
   Attorneys for Plaintiff
12 UNITED STATES OF AMERICA

13                 UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

16 UNITED STATES OF AMERICA,          Case No. 2:23-cr-00085-ODW

17          Plaintiff,                **GOVERNMENT'S APPLICATION FOR
                                      PRELIMINARY ORDER OF FORFEITURE**
18               v.

19 AMIR HOSSEIN GOLSHAN,

20          Defendant.

21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      Plaintiff United States of America hereby applies for issuance

24 of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P.

25 32.2(b) as to the following property:

26

27

28

1    (1)   All digital devices seized from defendant and his residence

2   during the execution of a search warrant on February 2, 2023

3   (collectively, the "Seized Devices"), including but not limited to,

4   the following devices:

5          (a)   MacBook Pro (Silver), bearing serial number

6                C02TP0XYHTD8;

7          (b)   ASUS Laptop; bearing serial number M1N0CV082657022,

8                and charger;

9          (c)   MacBook Pro; bearing serial number C02CT2FXMD6Q, and

10               charger;

11         (d)   Apple iPhone, bearing IMEI 356740911560093;

12         (e)   Apple iPhone, bearing IMEI 356169096341535;

13         (f)   Apple iPhone, bearing IMEI 356765081822551;

14         (g)   Apple iPhone, bearing IMEI 356478104319122; and

15         (h)   Apple iPhone, bearing IMEI 356841113720954.

16    (2)   All cryptocurrency found on the Seized Devices, including,

17   but not limited to, any cryptocurrency found in any wallets stored on

18   the Seized Devices, or controlled by private keys found on the Seized

19   Devices; and

20    (3)   All other digital property found on the Seized Devices.

21    This application, which deals solely with the specific property

22   as to which forfeiture is sought (described in detail above), is

23   supported by defendant's guilty plea and the matters set forth in the

24   accompanying Memorandum of Points and Authorities.

25

26

27

28

1    Dated: November 21, 2023     Respectfully Submitted,

2                             E. MARTIN ESTRADA
                           United States Attorney

3                             MACK E. JENKINS
                           Assistant United States Attorney

4                             Chief, Criminal Division
                           JONATHAN GALATZAN

5                             Assistant United States Attorney
                           Chief, Asset Forfeiture & Recovery

6                             Section
                           ANDREW M. ROACH

7                             Assistant United States Attorney
                           Cyber & Intellectual Property Crimes

8                             Section

9                                    */s/*
                           TARA B. VAVERE

10                            Assistant United States Attorney
                           Asset Forfeiture & Recovery Section

11

12                            Attorneys for Plaintiff
                           UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Amir Hossein Golshan entered a plea of guilty on July 19, 2023, to counts one, two and four of the Indictment, which charges defendant with unauthorized access to a protected computer to obtain information, in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii) (count one), wire fraud, in violation of 18 U.S.C. § 1343 (count two), and accessing a computer to defraud and obtain value, in violation of 18 U.S.C. § 1030(a)(4), (c)(3)(A) (count four).  Pursuant to the Forfeiture Allegations of the Indictment and Fed. R. Crim. P. 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the following property:

(1)  All digital devices seized from defendant and his residence during the execution of a search warrant on February 2, 2023 (collectively, the "Seized Devices"), including but not limited to, the following devices:

       (a)  MacBook Pro (Silver), bearing serial number C02TP0XYHTD8;

       (b)  ASUS Laptop; bearing serial number M1N0CV082657022, and charger;

       (c)  MacBook Pro; bearing serial number C02CT2FXMD6Q, and charger;

       (d)  Apple iPhone, bearing IMEI 356740911560093;

       (e)  Apple iPhone, bearing IMEI 356169096341535;

       (f)  Apple iPhone, bearing IMEI 356765081822551;

       (g)  Apple iPhone, bearing IMEI 356478104319122; and

       (h)  Apple iPhone, bearing IMEI 356841113720954.

(2)   All cryptocurrency found on the Seized Devices, including, but not limited to, any cryptocurrency found in any wallets stored on the Seized Devices, or controlled by private keys found on the Seized Devices; and

(3)   All other digital property found on the Seized Devices (the property listed in items One through Three are collectively referred to as the "Forfeitable Property").

A proposed order is lodged contemporaneously herewith.  The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

**II.  ARGUMENT**

**A.   The Nexus Between Defendant's Crime and the Forfeitable Property Has Been Established by the Defendant's Guilty Plea**

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(1).  The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property . . . represented proceeds of the offense or was used to facilitate the offense." Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption).  The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence.  See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United

2

1  States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following

2  Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir.

3  1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77

4  (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United

5  States v. Bieri, 21 F.3d 819 (8th Cir. 1994) (§ 853).

6      Thus, the only question before the Court in connection with

7  the requested entry of the proposed Preliminary Order is whether the

8  evidence before the Court is enough to establish by a preponderance

9  of the evidence that there is a nexus between the specific property

10 to be forfeited, and the offense to which defendant pled guilty.  See

11 Rule 32.2(b)(1).

12     The existence or extent of third-party interests in the specific

13 property will be determined after the entry of the preliminary order.

14 See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007)

15 ("Upon a finding that the property involved is subject to forfeiture,

16 a court must promptly enter a preliminary order of forfeiture without

17 regard to a third party's interests in the property.")  The

18 preliminary order should be entered promptly in order to avoid

19 unnecessary delay in the forfeiture process and resolve potential

20 third-party rights.  United States v. Yeje-Cabrera, 430 F.3d 1, 15

21 (1st Cir. 2005).  The defendant need not be present when the

22 preliminary order is entered. United States v. Segal, 495 F.3d 826,

23 837-38 (7th Cir. 2007).

24     The government is not required to establish the defendant's

25 ownership of the property either to seize it or to obtain a

26 preliminary order of forfeiture, and third parties are prohibited

27 from intervening in the criminal case and cannot complain that they

28 have to wait for the ancillary proceeding to assert their rights.

3

1  Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C.

2  § 1963(i).  As explained in the Advisory Committee Notes to Rule 32.2

3  (2000), the Rule was revised with the intent to eliminate confusion

4  over whether the extent of the defendant's ownership interest should

5  be determined by the finder of fact.  The new rule clarified that the

6  only question upon conviction or a guilty plea is whether there is a

7  nexus between the violation of which the defendant has been convicted

8  (or to which he has pled) and the property sought - if there is, the

9  court should enter an order forfeiting "whatever interest a defendant

10 may have in the property without having to determine exactly what

11 that interest is."  A defendant cannot object to the entry of a

12 preliminary order on the ground that the property at issue does not

13 belong to him.  United States v. Schlesinger, 396 F. Supp. 2d 267,

14 273 (E.D.N.Y. 2005).

15     Here, all the proof that is necessary is contained in the plea

16 agreement, whereby Defendant admitted that the Forfeitable Property

17 was subject to forfeiture as property used to facilitate the offense

18 regarding the crimes to which he pled guilty, namely unauthorized

19 access to a protected computer to obtain information, in violation of

20 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii) (count one),

21 wire fraud, in violation of 18 U.S.C. § 1343 (count two), and

22 accessing a computer to defraud and obtain value, in violation of 18

23 U.S.C. § 1030(a)(4), (c)(3)(A) (count four).

24     Therefore, the requirements of Rule 32.2(b) have been met and

25 the proposed Preliminary Order should be entered.

26     **B.    The Mechanics of the Criminal Forfeiture**

27     The Preliminary Order of Forfeiture becomes final as to the

28 defendant at the time of sentencing (or before sentencing, if

4

1    defendant consents).  Rule 32.2(b)(3).  After entry of the

2    preliminary order, the second phase of the forfeiture proceedings may

3    begin, to determine whether any third-party rights may exist in the

4    specific property to be forfeited.  Fed. R. Crim. P. 32.2(c)(1).

5         Accordingly, the government respectfully requests that the

6    Court enter the proposed Preliminary Order of Forfeiture lodged

7    contemporaneously herewith, authorizing the government to seize

8    the property subject to forfeiture (to the extent it has not

9    already done so) and to commence proceedings governing third-party

10   rights.  Fed. R. Crim. P. 32.2(b)(3).  Following the Court's

11   disposition of any third-party interests, or the expiration of the

12   period provided in 21 U.S.C. § 853(n)(2) for the filing of third-

13   party petitions, the government shall have clear title to the

14   Forfeitable Property.

15   **III.  FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

16        The Court must pronounce the forfeiture conditions orally as

17   part of the sentence imposed on the defendant and must include the

18   forfeiture in the judgment and commitment order.  Fed. R. Crim. P.

19   32.2(b)(4).  The government recommends the following language be read

20   to the defendant and modified as necessary for inclusion in the

21   judgment and commitment order at the time of his sentencing:

22             Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C.

23             § 2461(c) and the Indictment, defendant AMIR HOSSEIN

24             GOLSHAN has forfeited all of his right, title, and

25             interest in the specific property more particularly

26             described in the Preliminary Order of Forfeiture

27             entered on [date].

28

IV.   CONCLUSION

    For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

Dated: November 21, 2023          Respectfully Submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
ANDREW M. ROACH
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section


              /s/
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6