UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMIR HOSSEIN GOLSHAN,<br><br>　　　　Defendant. | Case No. 2:23-cr-00085-ODW<br><br>**[Proposed]**<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

　　Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the July 19, 2023, guilty plea to counts one, two and four of the Indictment entered by defendant Amir Hossein Golshan ("defendant") and, good cause appearing thereon, IT IS HEREBY ORDERED:

**　　　　　　　　I.　　FORFEITABLE PROPERTY**

　　For the reasons set out below, any right, title, and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in the Indictment, which charges defendant with unauthorized access to a protected computer to obtain information, in violation of 18 U.S.C.

§ 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii) (count one), wire fraud, in violation of 18 U.S.C. § 1343 (count two), and accessing a computer to defraud and obtain value, in violation of 18 U.S.C. § 1030(a)(4), (c)(3)(A) (count four).  The Forfeitable Property is more particularly described as:

(1) All digital devices seized from defendant and his residence during the execution of a search warrant on February 2, 2023 (collectively, the "Seized Devices"), including but not limited to, the following devices:

    (a) MacBook Pro (Silver), bearing serial number C02TP0XYHTD8;

    (b) ASUS Laptop; bearing serial number M1N0CV082657022, and charger;

    (c) MacBook Pro; bearing serial number C02CT2FXMD6Q, and charger;

    (d) Apple iPhone, bearing IMEI 356740911560093;

    (e) Apple iPhone, bearing IMEI 356169096341535;

    (f) Apple iPhone, bearing IMEI 356765081822551;

    (g) Apple iPhone, bearing IMEI 356478104319122; and

    (h) Apple iPhone, bearing IMEI 356841113720954.

(2) All cryptocurrency found on the Seized Devices, including, but not limited to, any cryptocurrency found in any wallets stored on the Seized Devices, or controlled by private keys found on the Seized Devices; and

(3) All other digital property found on the Seized Devices.

//
//
//

**II.   IMPLEMENTATION**

IT IS FURTHER ORDERED AS FOLLOWS:

A.   Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized, to the extent it has not already done so, to seize the Forfeitable Property.

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property.  The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

   1)   Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the

3

property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

  2) Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

  3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

  4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

 D. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and shall be made part of his sentence and included in his judgment.

4

E.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____     _____
DATE                                HONORABLE OTIS D. WRIGHT
                                    UNITED STATES DISTRICT JUDGE

Presented by:

     /s/
_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section